ENTERED
SEP 4 2007
K.R.W.

FILED
2007 SEP -4 PM 12: 16
U.S. [...] COURT
DISTRICT OF SOUTH CAROLINA

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF SOUTH CAROLINA

IN RE: | C/A No. 07-02607-JW

Chapter 13

Lynette Rivers-Jones, | ORDER

Debtor(s).

This matter comes before the Court upon the Amended Objection to Confirmation of Plan ("Amended Objection") filed by Green Tree Financial Servicing Corporation ("Green Tree"). Green Tree objects to confirmation of Debtor's chapter 13 plan ("Plan") and motion to value Green Tree's lien on the grounds that Debtor lacks privity of contract with Green Tree and the Plan does not comply with 11 U.S.C. § 1322(b)(2). At the hearing on the Amended Objection, Debtor argued that Green Tree's Objection is barred by *res judicata*. The Court has jurisdiction over this matter pursuant to 11 U.S.C. § 1334. The Court makes the following Findings of Fact and Conclusions of Law pursuant to Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052.[1]

## FINDINGS OF FACT

1.  On or about August 13, 1996, Debtor's grandmother, Annie Wiggleton ("Ms. Wiggleton"), entered into a Manufactured Home Retail Installment Contract and Security Agreement ("Contract") with Green Tree for the purchase of a 1997 Pioneer Manufactured Home ("Mobile Home"). Ms. Wiggleton financed the purchase of the Mobile Home on behalf of Debtor because Debtor and her husband were unable to obtain financing to purchase the Mobile Home themselves. Ms. Wiggleton did not receive any payments from Debtor in

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are also adopted as such.

connection with this transaction and did not enter into a written agreement with Debtor to transfer her interest in the Mobile Home to Debtor.

2. On November 14, 1996, a Certificate of Title to the Mobile Home was issued, which lists Ms. Wiggleton as the owner of the Mobile Home and Green Tree as the first lienholder.

3. Although the Mobile Home was financed by Ms. Wiggleton, Green Tree has accepted payments directly from Debtor for approximately ten (10) years.

4. Since the purchase of the Mobile Home, Debtor has resided in the home. Ms. Wiggleton does not reside in the Mobile Home.

5. Debtor pays the property taxes on the Mobile Home.

6. Correspondence from Green Tree regarding the loan was initially addressed to Ms. Wiggleton, then addressed to Ms. Wiggleton c/o Debtor for some period of time, and is now addressed solely to Ms. Wiggleton.

7. Debtor obtained an insurance policy on the Mobile Home in her name, which names Green Tree as the loss beneficiary.

8. On August 29, 2006, Debtor filed for bankruptcy protection under chapter 13 of the Bankruptcy Code. Her case was assigned Case No. 06-03745 ("Previous Case").

9. On August 31, 2006, Green Tree filed a proof of claim asserting a claim of $55,004.05, secured by the Mobile Home.

10. On January 5, 2007, the Court entered an Order Confirming Debtor's chapter 13 plan, which valued Green Tree's claim in the Previous Case at $22,000.00.

11. Debtor's Previous Case was dismissed on February 8, 2007 for non-payment.

12. On May 15, 2007, Debtor again filed for bankruptcy protection under chapter 13 of the Bankruptcy Code. This case was assigned Case No. 07-02607 ("Current Case"). Debtor's Plan includes a motion to value Green Tree's claim at $22,000.00.

13. On May 29, 2007, Green Tree filed a proof of claim asserting a claim of $35,392.05, secured by the Mobile Home.

14. Green Tree filed an Objection to Confirmation of Debtor's Plan on June 6, 2007 and filed the Amended Objection on July 18, 2007.

15. Green Tree does not assert in its Amended Objection that the Mobile Home has attached to the real property or otherwise constitutes real property under South Carolina law.

16. The Court held a hearing on the Amended Objection and confirmation on August 1, 2007.[2] Debtor was present and presented testimony regarding the Mobile Home transaction.

## CONCLUSIONS OF LAW

Debtor contends that confirmation of the chapter 13 plan in the Previous Case is *res judicata* and prohibits Green Tree from challenging the valuation of its claim in the Current Case.[3] Green Tree asserts that it is not barred by *res judicata* pursuant to 11 U.S.C. § 349 and it objects to confirmation of Debtor's plan on the grounds that Debtor lacks privity with Green Tree and Green Tree's lien cannot be valued under 11 U.S.C. § 1322(b)(2) because the Mobile Home is Debtor's principal residence.[4] The Court will address each argument in turn.

---

[2] The Court continued the hearing on confirmation until September 27, 2007.
[3] Debtor also asserted at the hearing on this matter that Green Tree waived its right to oppose bifurcation based upon Green Tree's failure to object to the bifurcation of its claim in Debtor's Previous Case. Since this argument was not raised in a pleading by Debtor, it will not be addressed herein.
[4] Green Tree's Amended Objection also appears to dispute the value Debtor places on its security interest. This argument will be addressed at a continued confirmation hearing on September 27, 2007.

-3-

I. *Green Tree is not Barred by Res Judicata*

A party may invoke the doctrine of *res judicata* by showing the following: (1) a prior judgment was entered that is final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process, (2) the parties are identical, or in privity, in the two actions, and (3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding. See In re Varat Enters., Inc., 81 F.3d 1310, 1315 (4th Cir. 1996). In this case, the doctrine of *res judicata* is not applicable because the third element is not met.

A debtor may value a creditor's claim pursuant to 11 U.S.C. § 506. Valuation is determined in light of the purpose for the valuation and in conjunction with a hearing on the disposition or use of the property at issue or in conjunction with a hearing on a plan affecting the creditor's interest. See 11 U.S.C. § 506(a). It appears that the valuation in the Previous Case was based upon the value of the Mobile Home as of October 25, 2006, the date of confirmation hearing and the hearing on Debtor's motion to value Green Tree's claim in the Previous Case. See In re Coates, 180 B.R. 110, 118-119 (Bankr. D.S.C. 1995) (holding that the hearing on a debtor's valuation motion is the relevant date to determine value). Such valuation cannot be binding in subsequent cases as 11 U.S.C. § 506 instructs that valuation is determined on a case-by-case basis and therefore the relevant date for determining value under 11 U.S.C. § 506(a) necessarily changes over time. See In re Deep River Warehouse, Inc., 2006 WL 1287987 at *13, fn. 14 (Bankr. M.D.N.C. 2005) (holding "[b]ecause value changes over time, a valuation established at one hearing is never *res judicata* to an issue of valuation at a subsequent hearing."); Coates, 180 B.R. at 112 (holding that value is determined on a case-by-case basis). Therefore, the determination of value in the Previous Case cannot be afforded *res judicata* effect

-4-

because there is not a sufficient identity of the issues since a determination of value in the Previous Case did not conclude the value of the Mobile Home as of August 1, 2007, the date of the hearing on the Debtor's motion to value in the Current Case.[5] See Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 219 (4th Cir. 1994) (holding "estimates of value made during bankruptcy proceedings are 'binding only for the purposes of the specific hearing and ... do not have a res judicata effect' in subsequent hearings.") (quoting In re Snowshoe, Inc., 789 F.2d 1085, 1088-89 (4th Cir. 1986) (citing legislative history)).

*II.    Debtor's Lack of Privity with Green Tree does not Prevent Valuation*

Green Tree asserts that Debtor is not a party to the Contract and has no standing to propose any treatment of Green Tree's secured lien on the Mobile Home. This Court has previously found that a chapter 13 debtor who is not in contractual privity with a mortgagee could repay a mortgage lien through the plan. See In re Trapp, 260 B.R. 267, 271 (Bankr. D. S.C. 2001). The mortgagee in Trapp argued that the mortgage debt was not a "claim" within the meaning of 11 U.S.C. § 1322(b)(2), (5), (6), or § 101(5) because there was no debtor-creditor relationship between the debtor and the mortgagee. The Court stated that 11 U.S.C. § 1322(b)(2) generally allows a chapter 13 plan to propose to modify the rights of creditors who hold a "claim" against the estate. Upon examining 11 U.S.C. § 101(2), which defines the term "claim against the debtor" as a "claim against property of the debtor," this Court found that the mortgagee did in fact hold a claim against the debtor's estate because the debtor owned the property on which the mortgagee held the lien and since the property was property of the estate.

Green Tree argues that the Trapp case is distinguishable from this case as Debtor is not the title holder of the Mobile Home. However, Debtor appears to be asserting that she is the

---

[5] A different holding could easily do harm to many debtors since creditors may assert *res judicata* in an attempt to bind a debtor to a property valuation by the debtor in previous cases notwithstanding the fact that such property, such as a vehicle, may greatly depreciate between the filing of cases.



equitable owner of the Mobile Home. Debtor testified that she and Ms. Wiggleton agreed that Ms. Wiggleton would sign the contract and obtain the financing for the purchase of the mobile home on Debtor's behalf. She further testified that they agreed that Ms. Wiggleton would receive no money in return for her role in the transaction and Debtor would make payments on the loan directly to Green Tree. It appears that Debtor did make payments directly to Green Tree for approximately ten (10) years and that Debtor paid the property taxes and obtained insurance on the Mobile Home in her name.

Debtor appears to have an equitable interest in the Mobile Home based on the theory of a resulting trust. "Equity devised the theory of resulting trust to effectuate the intent of the parties in certain situations where one party pays for property, in whole or in part, that for a different reason is titled in the name of another." Bowen v. Bowen, 352 S.C. 494, 498, 575 S.E.2d 553, 556 (2003) (citing Hayne Fed. Credit Union v. Bailey, 327 S.C. 242, 248-4, 489 S.E.2d 472, 475 (1997). Generally, when property is conveyed to one person and the consideration is paid by another, a resulting trust arises in favor of the party who pays the purchase money because it is presumed that the payor intended a benefit to himself. Id. Debtor has made all of the payments on the Mobile Home. The evidence presented indicates that Debtor and Ms. Wiggleton intended for Debtor to have some ownership interest in the Mobile Home.[6] Ms. Wiggleton does not appear to claim ownership of the Mobile Home. There is no evidence that indicates that Debtor is under a legal obligation to provide for her grandmother or that she intended to make these payments to Green Tree as a gift or as rental payments to her grandmother. See Bowen, 352 S.C. at 498, 575 S.E.2d at 556 (stating that when a conveyance is taken to a spouse or child, or to any

---

[6] It is not clear whether Debtor asserts that she is the sole owner of the Mobile Home. When questioned regarding who would be the owner of the Mobile Home after all payments had been made, she answered, "Annie Wiggleton and me."

JW-6

other person for whom the purchaser is under a legal obligation to provide, the presumption of a resulting trust does not apply).

Based on the evidence presented, the Court finds that Debtor has demonstrated that she has an equitable interest in the Mobile Home and therefore the property constitutes property of the estate. See In re Anderson, C/A No. 04-01278-jw, slip op. at 5 (Bankr. D. S.C. Apr. 15, 2004) (stating that Debtor must demonstrate some good faith, colorable claim to or basis for possession of the Mobile Home for the property to be considered property of the estate). Because Debtor has established that she has an interest in the Mobile Home, it necessarily follows that Green Tree may hold a claim against property of the Debtor that may be addressed by the Plan. Accordingly, Green Tree's objection to confirmation is overruled.

### III. Valuation is not Prohibited by 11 U.S.C. § 1322(b)(2)

Since the Mobile Home does not constitute real property under South Carolina law, 11 U.S.C. § 1322(b)(2) does not prohibit the valuation of Green Tree's security interest. See In re McLain, C/A No. 07-02663-HB, slip op. (Bankr. D.S.C. Aug. 30, 2007). The undersigned agrees with the interpretation of 11 U.S.C. § 1322(b)(2) as stated by Judge Burris in McLain. The term "real property" is a distinct term of art that is used by Congress in multiple provisions of the Bankruptcy Code.[7] See In re Manning, C/A No. 07-70190, slip op., 2007 WL 2220454 (Bankr. N.D. Ala. Aug. 2, 2007). Because a "debtor's principal residence," as defined by 11 U.S.C. § 101(13A), must also be "real property," pursuant to 11 U.S.C. § 1322(b)(2), then valuation of the Mobile Home is not prohibited as the same is personal property under South

---

[7] This Court cannot concur with other courts that have found that 11 U.S.C. § 101(13A) broadens the definition of real property. See In re Lunger, ___ B.R. ___, 2007 WL 1970807 (Bankr. M.D. Pa. Jul. 29, 2007). The Bankruptcy Code is replete with examples of where Congress provides different treatment for creditors secured by real property than those creditors secured by personal property. See e.g., 11 U.S.C. § 362(h) (providing for a lifting of the automatic stay if a debtor fails to timely file or perform a statement of intent as to personal property). For instance, in adding 11 U.S.C. § 522(p)(1)(A), Congress specifically contemplated that a debtor's residence may consist of real *or* personal property thereby indicating that it did not intend to implicitly broaden the definition of real property for purposes of specific code provisions unless it is expressly stated in those provisions.

jw-7-

Carolina law. See McLain, slip op. at 5. Adopting Green Tree's position would read the term "real property" out of 11 U.S.C. § 1322(b)(2) thereby violating the rules of statutory construction requiring the Court to give meaning to every word in the statute. See Discover Bank v. Vaden, 396 F.3d 366, 369 (4th Cir. 2005). Congress, in amending the Bankruptcy Code, clearly did not delete the condition that the residence also be real property. See In re Edmunds, 350 B.R. 636, 649 (Bankr. D.S.C. 2006) (noting "[c]ourts should not presume that amendments to the Bankruptcy Code alter past bankruptcy practices absent a clear indication from Congress of such intent."). To the extent that this is an oversight, it is beyond the province of this Court to save Congress from drafting errors. See Lamie v. U.S. Trustee, 540 U.S. 526, 542, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004).

Based on the foregoing, the Court finds that 11 U.S.C. § 1322(b)(2) does not prohibit the valuation of Green Tree's claim. The confirmation hearing in this matter is continued until September 27, 2007 at 9:30 a.m. at the United States Bankruptcy Court, 1100 Laurel Street, Columbia, South Carolina to consider any remaining issues regarding confirmation of Debtor's Plan.

**AND IT IS SO ORDERED.**

_____
UNITED STATES BANKRUPTCY JUDGE

Columbia, South Carolina
September 4, 2007